UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JEREMY RONE                                                                 PLAINTIFF

v.                                          CIVIL ACTION NO. 4:23-CV-P31-JHM

DAVIESS COUNTY DETENTION CENTER *et al.*                    DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

## I.

Plaintiff Jeremy Rone is incarcerated as a pretrial detainee at the Daviess County Detention Center (DCDC).  Plaintiff sues "Daviess County Detention" and "Medical."

Plaintiff makes the following allegations in the complaint:

On March of 26 of 2022, I was locked up and when I first got in I asked to see medical and was turned down by staff.  They just put me in a cell and the toilet did not work and it had piss and shit all ready in from someone else.

Plus they did not even give me a blanket or a [mat] for 5 days.  It took that long for a nurse to take by blood [pressure] which was SKY High and then they put me on detox know I am a type 2 [diabetic].

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351

2

(6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Conditions-of-Confinement Claims

The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees.  *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021).  Until recently, the Sixth Circuit analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims "under the same rubric."  *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citation omitted).  While the first ("objective") prong of the Eighth Amendment analysis still applies to Fourteenth Amendment pretrial detainee claims, the Sixth Circuit has modified the second ("subjective") prong for Fourteenth Amendment claims in light of the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).  *Brawner*, 14 F.4th at 594-97.  To satisfy the objective prong under either analysis, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff first alleges that he was forced to use a toilet which contained feces and urine on one occasion.  "Extreme deprivations are required to make out a conditions-of-confinement claim[,]"  *Hudson v. McMillian*, 503 U.S. 1, 9, (1992), and courts have held that "temporary exposure to unsanitary conditions does not [meet this standard]."  *Dykes v. Benson*, No. 22-1184, 2022 U.S. App. LEXIS 32288, at *16-17 (6th Cir. Nov. 22, 2022); *see Lamb v. Howe*, 677 F. App'x 204, 209-10 (6th Cir. 2017) (inmate's four-hour exposure to human waste

due to flooded toilet water insufficient to state a constitutional violation); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation where an inmate complained that he was exposed to raw sewage from an overflowed toilet in his cell for four days); *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours).  In light of this jurisprudence, the Court finds that Plaintiff's claim based upon being forced to use a toilet which contained another inmate's feces and urine on one occasion fails to state a claim upon which relief may be granted.

The Court next turns to Plaintiff's allegation that he did not receive a mat or a blanket for five days.  The finds that this claim must also be dismissed for failure to state a claim upon which relief may be granted.  This is because other courts, including the Sixth Circuit, have concluded that exposure to objectionable living conditions for a time longer than five days does not give rise to a constitutional violation.  *See Grissom v. Davis*, 55 F.App'x 756, 757-58 (6th Cir. 2003) (seven-day period where inmate was not given mattress, blanket, or sheets did not deprive her of basic human needs or cause her to suffer serious harm); *Wells v. Jefferson Cnty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (sleeping on a mattress on the floor in a cold cell for six days was not a constitutional violation); *Martinez v. Gore*, No. 5:21-CV-P50-TBR, 2021 U.S. Dist. LEXIS 104358, at *37 (W.D. Ky. June 3, 2021) ("The Court finds that Plaintiff's claim that he spent four days with nothing but paper boxers to wear in a cold cell with no mat, sheets, blankets, shoes, socks, or other property, standing alone, does not state a [constitutional] claim.").

**B. Medical Claim**

A Fourteenth Amendment claim for deliberate indifference to a serious medical need also has two prongs.  The first prong requires that the pretrial detainee have an "objectively" serious

medical need.   *Howell v. NaphCare, Inc.*, 67 F.4th 302, 311 (6th Cir. 2023) (citing *Farmer*, 511 U.S. at 834.   To satisfy the second prong, "a [pretrial detainee] must show that the individual [d]efendants recklessly acted or recklessly failed to act where a reasonable official in their position would have recognized that [the pretrial detainees]'s serious medical need posed "an unjustifiably high risk of harm." *Howell*, 67 F. 4th at 312 (citing *Brawner*, 14 F.4th at 596-97) (quoting *Farmer*, 511 U.S. at 836).

Plaintiff alleges that it took five days "for a nurse to take my blood [pressure] which was SKY High and then they put me on detox know I am a type 2 [diabetic]."   This is a confusing statement which the Court does not fully understand.   However, for purposes of this initial review, the Court will assume that this statement shows that Plaintiff had an objectively serious need or needs.   Nonetheless, the Court finds that the statement is too conclusory to satisfy the second, subjective prong of the standard set forth above.   Even though a *pro se* complaint must be liberally construed, it must adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).   Specifically, a *pro se* "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.   Thus, upon consideration, the Court finds that this allegation is too conclusory to state a constitutional claim.

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date:   August 11, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

5